UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JACK DAVID GETZ, | ) |
| Petitioner, | ) 3:06-cv-00320-RLH-VPC |
| vs. | ) **ORDER** |
| JACK PALMER, *et al.*, | ) |
| Respondents. | ) |

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Jack David Getz, a prisoner represented by counsel. Before the Court is respondents' motion to dismiss Ground Three of the second amended petition for writ of habeas corpus. (ECF No. 71).

**I. Procedural History**

This case stems from the December 25, 1997, shooting death of Rayburn Ware. In March 1998, an indictment was filed, charging petitioner with one count of Murder with Use of a Deadly Weapon. (Exhibit 3).[1] In pretrial proceedings, petitioner waived a separate penalty hearing before the jury should he be found guilty. (Exhibit 32). The case proceeded to trial, which occurred February 9, 2000, through February 14, 2000. (Exhibits 35, 36, 38, 39). The jury found petitioner guilty of first degree murder. (Exhibit 41). On April 27, 2000, a judgment of conviction was

---

[1] The exhibits referenced in this order are found in the Court's record at ECF No. 20-41 and ECF No. 69).

entered. (Exhibit 46). Petitioner was sentenced to two consecutive terms of life without the possibility of parole. (Exhibit 46).

On May 8, 2000, petitioner filed a direct appeal of his conviction. (Exhibit 47). On March 13, 2002, the Nevada Supreme Court filed an Order of Affirmance. (Exhibit 54). On March 13, 2003, petitioner filed his state post-conviction petitioner for a writ of habeas corpus. (Exhibit 57). The district court held an evidentiary hearing. (Exhibit 66). On June 23, 2004, the district court filed a written order dismissing the state habeas petition. (Exhibit 67). Petitioner timely appealed the dismissal of his state habeas petition. (Exhibit 68). On March 24, 2006, the Nevada Supreme Court filed an order affirming the dismissal of the state habeas petition. (Exhibit 96). Remittitur issued on April 25, 2006. (Exhibit 99). Petitioner mailed his federal habeas petition on June 2, 2006. On June 20, 2006, the Federal Public Defender's Office was appointed as petitioner's counsel. (ECF No. 7). Petitioner's counsel filed the First Amended Petition on January 31, 2007. (ECF No. 19).

On December 14, 2007, this Court granted respondents' motion to dismiss, in part, finding that Ground Three of the petition is unexhausted. (ECF No. 54). The Court gave petitioner the option of abandoning his unexhausted claims and proceeding on his exhausted claims, or in the alternative, to seek a stay under *Rhines v. Weber*, 544 U.S. 269 (2005). (ECF No. 54). Petitioner sought a stay and abeyance pursuant to *Rhines v. Weber*. (ECF No. 55). By order filed July 21, 2008, this Court granted petitioner's motion for a stay, allowing petitioner to return to state court to exhaust his unexhausted claims. (ECF No. 58). The action was administratively closed. (*Id.*).

When petitioner's further state-court proceedings concluded, petitioner filed a motion to reopen this action. (ECF No. 65). By order filed April 1, 2010, this Court granted petitioner's motion to reopen the case. (ECF No. 67). On April 28, 2010, petitioner filed a second amended petition for writ of habeas corpus. (ECF No. 68), along with exhibits (ECF No. 69). Respondents filed a motion to dismiss Ground Three of the second amended petition. (ECF No. 71). Petitioner has opposed the motion (ECF No. 74) and respondents have filed a reply (ECF No. 75).

## II. Discussion

In Ground Three of the second amended petition, petitioner alleges that trial counsel rendered ineffective assistance of counsel, including failure to file a motion to suppress and failing to introduce testimony of witnesses helpful to the defense. (SAP, ECF No. 68, at p. 12). Respondents move to dismiss Ground Three of the second amended petition on the ground that it is procedurally barred.

### a. Procedural Default Principles

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented

3

to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

**b. Ground Three was Procedural Defaulted in State Court on Independent and Adequate State Grounds**

In Ground Three, petitioner alleges that trial counsel rendered ineffective assistance of counsel, including failure to file a motion to suppress and failing to introduce testimony of witnesses helpful to the defense. Petitioner raised the same claim in his state habeas petition. On appeal from the denial of petitioner's state habeas petition, the Nevada Supreme Court found this claim procedurally defaulted. The Nevada Supreme Court dismissed the state petition as untimely under NRS 34.726, and found that he had not demonstrated good cause and prejudice to excuse the procedural bar:

> Appellant filed his petition more than six years after the court issued the remittitur from his direct appeal. Thus, appellant's petition was untimely filed. See NRS 34.726. Moreover, appellant's petition was successive because he had previously filed a post-conviction petition for writ of habeas corpus. See NRS 34.810(1)(b). Further, appellant's petition constituted an abuse of the writ as all of his claims were new and different from those claims raised in his previous post-conviction petition for writ of habeas corpus. See NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and prejudice. See NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Further, because the State specifically pleaded latches, appellant was required to overcome the presumption of prejudice to the State. See NRS 34.800(2).

4

> In order to excuse his procedural defects, appellant claimed that he filed this petition in order to exhaust his claims in State court so that he could proceed federally and that he did not previously raise his claim that he was threatened into withholding information during trial because he feared for his family's safety.
>
> Based upon our review of the record on appeal, we conclude that the district court did not err in dismissing appellant's petition as procedurally defective. Appellant failed to demonstrate that an impediment external to the defense excused the procedural defects. See Hathaway v. State, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003); Lozada v. State, 110 Nev. 349, 353, 871 P.2d 944, 946 (1994). Claims relating to threats that occurred prior to or during trial were available to be raised in a timely petition. That appellant is seeking to exhaust claims in order to proceed federally is not good cause. See generally Colley v. State, 105 Nev. 235, 236, 773 P.2d 1229, 1230 (1989). Finally, appellant failed to overcome the presumption of prejudice to the State. Therefore, we affirm the order of the district court dismissing the petition as procedurally barred and barred by latches.

(Exhibit 152, at pp. 2-3). The Nevada Supreme Court invoked NRS 34.726 and NRS 34.810 to dismiss the appeal as untimely and successive.

The Ninth Circuit has held that, at least in non-capital cases, application of the procedural bar of NRS 34.810(2) is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999). The Ninth Circuit has also held application of NRS 34.726(1) to be independent and adequate state law grounds. *Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir. 1996). The Court finds that Ground Three was procedurally defaulted in state court on independent and adequate state grounds.

### c. Cause and Prejudice

In the opposition, petitioner first argues that he did not violate Nevada's procedural rules because Ground Three was reviewed by the Nevada Supreme Court on appeal from his 2003 second amended postconviction state habeas petition. Specifically, petitioner asserts that, in footnote 9 of the Nevada Supreme Court's order affirming the denial of his state habeas petition (Exhibit 96), the Court addressed the merits of the ineffective assistance of counsel claims he alleged raised in his pro se pleadings regarding his 2003 state post conviction petition. Footnote 9 of the Nevada Supreme Court's order filed March 28, 2006, states that: "We have reviewed all documents that appellant has

5

1  submitted in proper person to the clerk of court in this matter, and we conclude that no relief based
2  upon those submissions is warranted." (Exhibit 96, at p. 3, n.9).  However, petitioner has already
3  conceded that the claims at issue were unexhausted.  Petitioner conceded in the statement of
4  exhaustion of his federal petition that the four issues contained in Ground Three had not been
5  presented to the Nevada Supreme Court.  This Court has previously concluded that Ground Three is
6  unexhausted, noting that petitioner conceded that all claims in Ground Three had not been presented
7  to the Nevada Supreme Court.  (ECF No. 54, at p. 6-7).  This Court also granted petitioner's motion
8  to return to state court to exhaust the claims.  (ECF No. 58).  Petitioner cannot now, at this juncture,
9  maintain that Ground Three was, in fact, exhausted in state court.  Petitioner's argument fails.

10  Petitioner also argues that respondents are judicially estopped from asserting that Ground
11  Three is procedurally barred, relying on *Russell v. Rolfs*, 893 F.2d 1033, 1038-39 (9th Cir. 1990), in
12  which the Ninth Circuit held that after the state had convinced the federal court to dismissed
13  unexhausted claims on the ground that the petitioner had an adequate and available remedy, the state
14  could not subsequently argue that the claims were procedurally barred.  Petitioner claims that by
15  arguing in their first motion to dismiss that petitioner failed to exhaust state remedies, respondents
16  necessarily indicated that there were available and adequate remedies in state court.  The instant case
17  is distinguishable from *Russell* because respondents never made an argument in their first motion to
18  dismiss that there was an adequate remedy for the unexhausted claims in state court.  The present
19  case is more similar to *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998), in which the Ninth Circuit
20  refused to apply *Russell* where the state had never claimed that the petitioner had an adequate
21  remedy in state court.  This Court concludes that respondents are not estopped from arguing that
22  Ground Three is procedurally barred.

23  Petitioner argues that he can demonstrate good cause and prejudice to overcome the
24  procedural defaults because he was denied the effective assistance of trial counsel.  The ineffective
25  assistance of counsel argument fails, because petitioner failed to appeal any ineffective assistance
26  claims in his state post-conviction proceedings.  Ineffective assistance of counsel may satisfy the

6

cause requirement to overcome a procedural default. *Murray v. Carrier*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance itself must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. Moreover, the independent ineffective assistance of counsel claim cannot serve as cause if that claim has been procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000). As such, petitioner cannot demonstrate cause to overcome the procedural default. Because petitioner failed to show cause, the Court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988). This Court finds that Ground Three of the second amended petition was procedurally defaulted in state court and petitioner has failed to show cause and prejudice to overcome the procedural default. As such, the claim is barred from review by this Court, and will be dismissed.

**III.  Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss Ground Three of the second amended petition (ECF No. 71) is **GRANTED.**

**IT IS FURTHER ORDERED** that respondents **SHALL FILE AN ANSWER** to the remaining grounds of the second amended petition within **forty-five (45) days** from the entry of this order. The answer shall include substantive arguments on the merits as to each remaining claim. **No further motions to dismiss will be entertained**. In filing the answer, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner **SHALL FILE** his reply to the answer no later than **forty-five (45) days** after being served with the answer.

Dated this  24th  day of May, 2011.

_____
UNITED STATES DISTRICT JUDGE