UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JACK DAVID GETZ,<br><br>  Petitioner,<br>  v.<br>JACK PALMER, et al.,<br><br>  Respondents. | Case No. 3:06-cv-00320-MMD-VPC<br><br>ORDER |

Before the Court is respondents' motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Dkt. no. 98.) With the motion, respondents contend that this Court should set aside its prior order and judgment granting habeas relief because the case on which relief was premised, *Babb v. Lozowsky*, 719 F.3d 1019 (9th Cir. 2013), has been overturned by *Moore v. Helling*, 2014 WL 3973407 (9th Cir. Aug. 15, 2014). For the reasons that follow, the motion is denied, but the Court shall issue a statement under Rule 62.1(a)(3).

Once respondents filed their notice of appeal of the judgment granting habeas relief (dkt. no. 94), this Court lost jurisdiction to rule upon a motion seeking relief from that judgment. *See Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) (concluding that district court lacked jurisdiction over petitioner's Rule 60(b) motion filed subsequent to notice of appeal). Even so, a party may "ask the district court for an indication that it is willing to entertain a Rule 60(b) motion. If the district court gives such an indication, then the party should make a motion in the Court of Appeals for a limited remand to allow the district court to rule on the motion." *Sierra Pacific Industries v. Lyng*, 866 F.2d

1099, 1113 n. 21 (9th Cir. 1989); *see also*, *Gould v. Mutual Life Insurance Co.*, 790 F.2d 769, 772 (9th Cir. 1986).

This practice has been adopted by the Federal Rules of Civil Procedure. Rule 62.1(a) states, "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." The third option is often referred to as an "indicative ruling." *See* Fed. Ct. App. Manual § 15:12.5 (5th ed.).

The holding in *Moore* raises a substantial issue regarding the Court's order and judgment granting habeas relief. Unquestionably, this Court relied heavily on *Babb* in granting the petitioner Getz habeas relief in this case. (Dkt. 92, p. 12-16.) The Court in *Moore* expressly held that, due to the Supreme Court's intervening decision in *White v. Woodall*, 134 S.Ct. 1697 (2014), *Babb* is no longer good law with respect to defendants whose convictions became final prior to *Bunkley v. Florida*, 538 U.S. 835 (2003). *Moore*, 2014 WL 3973407, *10. Because Getz's conviction appears to have become final prior to the issuance of *Bunkley*, the Court's order and judgment granting him habeas relief is likely to be reversed.

It is therefore ordered that petitioner's motion for relief from judgment under Rule 60(b) (dkt. No 98) is denied for lack of jurisdiction. The Court issues an indicative ruling under Rule 62.1 regarding the petitioner's motion, finding that the motion raises a substantial issue. The Court will reconsider its decision to grant habeas relief if the Ninth Circuit elects to remand after receiving notice of this order.

DATED THIS 2nd day of October 2014.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE