# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
* * *

| | |
|---|---|
| JACK DAVID GETZ,<br><br>Petitioner,<br>v.<br><br>JACK PALMER, *et al.,*<br><br>Respondents. | Case No. 3:06-cv-00320-MMD-VPC<br><br>ORDER |

On July 17, 2017, the United States Court of Appeals for the Ninth Circuit entered an amended memorandum decision reversing and remanding this Court's final order and judgment in this case (ECF Nos. 92, 93) "for consideration in accord with *Moore v. Helling*, 763 F.3d 1011 (2014)." (ECF No. 112.)

Entered March 28, 2014, the final order and judgment granted petitioner Getz habeas relief based on this Court's determination that the state court violated his constitutional right to due process by using an improper jury instruction — the *Kazalyn* instruction[1] — to define the elements of first degree murder. (ECF No. 92 at 11-16.) In granting relief, this Court relied on *Babb v. Lozowsky*, 719 F.3d 1019 (9th Cir. 2013), which also involved a habeas claim by a petitioner who was convicted of first degree murder under the *Kazalyn* instruction. (*Id.* at 12-13.) The court in *Babb* had concluded that, because the defendant's conviction had yet to become final when the Nevada

---
[1] Promulgated in *Kazalyn v. State*, 825 P.2d 578 (Nev. 1992).

Supreme Court issued a decision invalidating the *Kazalyn* instruction (*Byford v. State*, 994 P.2d 700 (Nev. 2000)),[2] "it was an unreasonable application of established federal law [under 28 U.S.C. § 2254(d)(1)] and a violation of Babb's due process rights for the Nevada court not to apply the change in *Byford*, which narrowed the category conduct that can be considered criminal, to her case." *Babb*, 719 F.3d at 1032.

The court in *Moore* held that, due to the Supreme Court's intervening decision in *White v. Woodall*, 134 S.Ct. 1697 (2014), *Babb* is no longer good law with respect to defendants whose convictions became final prior to *Bunkley v. Florida*, 538 U.S. 835 (2003).[3] *Moore*, 763 F.3d at 1021. The *Moore* court noted that *Woodall* rejected "the unreasonable-refusal-to-extend rule," which had allowed habeas petitioners in the Ninth Circuit to show unreasonable application of clearly established federal law under 28 U.S.C. § 2254(d)(1) in cases where the state court unreasonably refused to extend a legal principle from Supreme Court precedent to a new context where it should apply. *Id.* at 1015. The *Moore* court concluded that the decision in *Babb* could not survive *Woodall* because it relied on the unreasonable-refusal-to-extend rule — i.e., *Babb* used *Bunkley* to conclude that the Nevada Supreme Court unreasonably applied clearly established federal law even though *Bunkley* had yet to be decided when the state court issued its relevant decision. *Id.* at 1021.

In the memorandum decision remanding this case, the Court of Appeals stated:

> Because Moore's conviction was final before *Bunkley* was issued, we determined that the Nevada Supreme Court did not unreasonably apply clearly established Supreme Court law when it declined to apply the *Byford* instruction in his case. [*Moore*, 763 F.3d at 1021-22.] Therefore, we likewise hold that the Nevada Supreme Court did not unreasonably apply clearly established Supreme Court law when it declined to apply *Byford* in Getz's case, who is in the same procedural posture as defendant Moore: his conviction was final on June 11, 2002, prior to *Bunkley*.

---

[2]In *Byford*, the Nevada Supreme Court replaced the *Kazalyn* instruction with an instruction that separately defines the terms "willful," "deliberate," and "premeditated." *Byford*, 994 P.2d at 713-15.

[3]The Court in *Bunkley* held that where a potentially exonerating change in state law occurs before a defendant's conviction is final, due process requires the state to apply the change to the defendant's conviction. *Bunkley*, 538 U.S. at 841.

2

1  (ECF No. 112 at 5.) In addition, the Court of Appeals also explicitly determined that use
2  of the *Kazalyn* instruction at Getz's trial did not violate his constitutional rights:

> Getz has . . . failed to show that the trial court's use of the *Kazalyn* instruction violated his due process rights. The use of the *Kazalyn* instruction at Getz's trial did not do so, because at that time in Nevada, first degree murder had only one, inclusive mens rea element, as it is described in the *Kazalyn* instruction.

(*Id.* at 5-6.)

Based on the foregoing, this Court is precluded from granting habeas relief on Claim Two of Getz's amended petition (ECF No. 68) — i.e., the claim premised on the state court's use of the *Kazalyn* instruction. *See Insurance Group Committee v. Denver & R. G. W. R. Co.*, 329 U.S. 607, 612 (1947) ("When matters are decided by an appellate court, its rulings, unless reversed by it or a superior court, bind the lower court."). The Court has disposed of the other two claims in the petition in previous orders. (ECF Nos. 77/92.) Thus, the amended petition will be denied.

**1.     Motion for additional briefing.**

Getz has filed a motion for leave to file a supplemental brief on remand. (ECF No. 114.) Getz argues that *Moore* does not foreclose habeas relief for him because there is "a critical procedural difference between his case and the one that existed in *Moore*," that being "a reviewable state court post-conviction decision on the relevant due process issue that post-dates *Bunkley*." (ECF No. 114 at 4.) He notes that, after *Bunkley* had been decided, he argued "in a properly filed post-conviction petition that due process required *Byford* be applied to his case," but the Nevada Supreme Court rejected the argument in a 2006 decision. (*Id.*)

Getz's "critical procedural difference" argument is without merit. Notwithstanding Getz's assertion to the contrary, the relevant state court decision was the Nevada Supreme Court's March 2002 decision, in which the court adjudicated Getz's *Byford* claim on the merits and affirmed his conviction. (ECF No. 32-4.) The Nevada Supreme Court abstained from addressing Getz's *Byford* claim on the merits in its 2006 decision, stating as follows:

3

> Getz contends the district court erred by denying his claims that the jury instruction merging premeditation and deliberation was improper in light of *Byford v. State*, and that *Byford* should have been applied retroactively. This court previously rejected these arguments in Getz's direct appeal. The doctrine of the law of the case barred further consideration of these claims, and Getz cannot avoid this doctrine by raising a "more detailed and precisely focused argument." Thus, the district court did not err in denying these claims.

(ECF No. 39-7 at 3-4 (footnotes omitted).) In addition, the Ninth Circuit's memorandum decision, as excerpted above, dispels any notion that this Court must consider the Nevada Supreme Court's 2006 decision to determine whether Getz is entitled to habeas relief.[4]

Getz has not shown that additional briefing is warranted. Thus, his motion for leave to file a supplemental brief will be denied.

### 2. Certificate of Appealability

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this Court to issue or deny a certificate of appealability (COA). Accordingly, the Court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id.*

///

---

[4] As respondents note, Getz made his "critical procedural difference" argument to the Court of Appeals in both his answering brief and in a supplemental authorities letter. *Getz v. Palmer*, USCA Case No. 14-15815, docket numbers 31 (at 25-34) and 51.

4

Having reviewed its determinations and rulings in adjudicating Getz's petition, the Court finds that none of those rulings meets the *Slack* standard. The Court therefore declines to issue a certificate of appealability for its resolution of any procedural issues or any of Getz's habeas claims.

It is therefore ordered that the amended petition for writ of habeas corpus (ECF No. 68) is denied. The Clerk is directed to enter judgment accordingly and close this case.

It is further ordered that a certificate of appealability is denied.

It is further ordered that petitioner's motion for leave to file a supplemental brief (ECF No. 114) is denied.

It is further ordered that pending motions for extension of time (ECF Nos. 116, 117, 119) are granted *nunc pro tunc* as of their respective filing dates.

DATED THIS 29th day of December 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE